1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 WILLIE MORRIS CLAY, II,                    )    No. C 14-2569 RMW (PR)
                                              )
12              Plaintiff,                     )    ORDER OF DISMISSAL WITH
                                              )    LEAVE TO AMEND
13        v.                                   )
                                              )
14 COUNTY OF CONTRA COSTA, et al.,             )
                                              )
15              Defendants.                    )
   _____)

16

        Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint

17 pursuant to 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a

18 separate order.  For the reasons stated below, the court dismisses the complaint with leave to

19 amend.

20                                      **DISCUSSION**

21 A.     Standard of Review

22        A federal court must conduct a preliminary screening in any case in which a prisoner

23 seeks redress from a governmental entity or officer or employee of a governmental entity.  See

24 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

25 any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

26 seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),

27 (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.14\Clay569dwla.wpd

1  <u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4  the alleged deprivation was committed by a person acting under the color of state law.  <u>West v.</u>

5  <u>Atkins</u>, 487 U.S. 42, 48 (1988).

6  B.    <u>Plaintiff's Claims</u>

7       Plaintiff alleges that on May 3, 2011, plaintiff was incarcerated at Martinez Detention

8  Facility in Contra Costa County.  On or around that day, plaintiff was litigating a criminal case.

9  Officer Aide D. Crews signed for a package addressed to plaintiff from Lisa Moret, and marked

10  as "legal mail."  D. Crews informed plaintiff that the package was received, but its contents were

11  in violation of mail policy and placed on a shelf assignment for storage.  Plaintiff complains that

12  D. Crews violated plaintiff's right to equal protection and due process.  Plaintiff also alleges that

13  other "individuals with authority" neglected to prevent the deprivations that occurred, in

14  violation of 42 U.S.C. § 1986.  Plaintiff further claims that the "deprivations" were a custom or

15  policy of the Contra Costa Sheriff's Office.

16       Plaintiff's complaint will be dismissed with leave to amend to cure the following

17  deficiencies.

18       First, prisoners enjoy a First Amendment right to send and receive mail.  <u>See</u> <u>Witherow</u>

19  <u>v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995) (citing <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 407

20  (1989)).  A prison, however, may adopt regulations or practices which impinge on a prisoner's

21  First Amendment rights as long as the regulations are "reasonably related to legitimate

22  penological interests."  <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).  The opening and

23  inspecting of "legal mail" outside the presence of the prisoner may have an impermissible

24  "chilling" effect on the constitutional right to petition the government.  <u>See</u> <u>O'Keefe v. Van</u>

25  <u>Boening</u>, 82 F.3d 322, 325 (9th Cir. 1996).  However, the inspection for contraband of non-legal

26  mail does not violate a prisoner's constitutional rights.  <u>See</u> <u>Witherow v. Paff</u>, 52 F.3d 264,

27  265?66 (9th Cir. 1995) (upholding inspection of outgoing mail); <u>Smith v. Boyd</u>, 945 F.2d 1041,

28  1043 (8th Cir. 1991) (upholding inspection of incoming mail).

1    Plaintiff is advised that "legal mail" is narrowly defined as mail between a prisoner and

2    his attorney. <u>See</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996) (mail from court is not

3    legal mail); <u>Mann v. Adams</u>, 846 F.2d 589, 590 (9th Cir. 1998) (mail from public officials is not

4    legal mail); <u>see also</u> <u>United States v. Griffin</u>, 440 F.3d 1138, 1144 (9th Cir. 2006) (letter from

5    prisoner to his wife, an attorney, regarding non-legal matters not privileged legal mail).  Thus, it

6    appears that this was not legal mail because plaintiff does not describe Lisa Moret as his

7    attorney, and plaintiff admits that he was proceeding pro se at the time.

8    Moreover, an "isolated incident, without a showing of actual injury or improper motive,

9    cannot by itself establish a violation of [a prisoner's] right of access to the courts." <u>Meador v.</u>

10   <u>Pleasant Valley State Prison</u>, No. 07-16409, 312 Fed. Appx. 954, 955 (9th Cir. Feb. 25, 2009)

11   (unpublished memorandum disposition); <u>see, e.g.</u>, <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th

12   Cir. 1990) (recognizing that isolated incidents of mail interference without any evidence of

13   improper motive or resulting interference with the right to counsel or access to the courts,

14   however, do not give rise to a constitutional violation); <u>Morgan v. Montanye</u>, 516 F.2d 1367,

15   1370-71 (2d Cir. 1975) (one incident of mail room opening letter from prisoner's attorney out of

16   prisoner's presence insufficient to show constitutional violation).  Here, plaintiff does not set

17   forth any non-speculative reason for the mishandling of his incoming mail from Lisa Moret.

18   Second, although plaintiff asserts that the confiscation of his mail violation his right to

19   equal protection and due process, plaintiff does not allege any facts to support those violations.

20   To state a claim arising under federal law, it must be clear from the face of plaintiff's well-

21   pleaded complaint that there is a federal question. <u>See</u> <u>Easton v. Crossland Mortgage Corp.</u>, 114

22   F.3d 979, 982 (9th Cir. 1997).  The mere reference to a federal statute in a pleading will not

23   convert a state law claim into a federal cause of action if the federal statute is not a necessary

24   element of the state law claim and no preemption exists. <u>See</u> <u>id.</u> (state law claims which include

25   incidental references to federal statute and U.S. Constitution and seek remedies founded

26   exclusively on state law improperly removed to federal court).  Federal Rule of Civil Procedure

27   8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to

28   relief."  In order to state a claim that is plausible on its face, a plaintiff must allege facts that

1    "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2    alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff is not required to plead his

3    evidence "or specific factual details not ascertainable in advance of discovery." Gibson v.

4    United States, 781 F.2d 1334, 1340 (9th Cir. 1986).  But a pleading will not be sufficient to state

5    a claim under § 1983 if the allegations are mere conclusions.  See Kennedy v. H & M Landing,

6    Inc., 529 F.2d 987, 989 (9th Cir. 1976).  Here, plaintiff's mere mention of "equal protection" and

7    "due process" without more are too conclusory to state a claim for relief.

8        Third, to the extent plaintiff is attempting to assert a claim under 42 U.S.C. § 1986, it is

9    insufficient.  Section 1986 provides a cause of action for damages where a valid claim for relief

10   has been stated under § 1985.  See 42 U.S.C. § 1986; Trerice v. Pedersen, 769 F.2d 1398 (9th

11   Cir. 1985).  Plaintiff has not alleged a violation of § 1985.

12       Finally, plaintiff alleges that the Contra Costa County Sheriff's Office had a policy that

13   resulted in deprivations to plaintiff.  However, to properly plead a municipal liability claim, it is

14   insufficient to allege simply that a policy, custom, or practice exists that caused the

15   constitutional violations.  AE v. County of Tulare, 666 F.3d 631, 636-37 (9th Cir. 2012).

16   Pursuant to the pleading requirements set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1952

17   (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007), a plaintiff suing a

18   municipal entity must allege sufficient facts regarding the specific nature of the alleged policy,

19   custom or practice to allow the defendant to effectively defend itself, and these facts must

20   plausibly suggest that plaintiff is entitled to relief.  AE, 666 F.3d at 636-37 (citing Starr v. Baca,

21   652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived from

22   Iqbal, Twombly and related Supreme Court decisions).  Plaintiff's complaint does not allege

23   such facts.

**CONCLUSION**

25       For the foregoing reasons, the court hereby orders as follows:

26       1.      Plaintiff's complaint is DISMISSED with leave to amend if he can cure the above

27   deficiencies in good fath.

28       2.      If plaintiff can cure the pleading deficiencies described above, he shall file an

1  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended

2  complaint must include the caption and civil case number used in this order (C 14-2569 RMW

3  (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must

4  indicate which specific, named defendant(s) was involved in each cause of action, what each

5  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.

6  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an

7  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

8  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**

9  **amended complaint within thirty days and in accordance with this order will result in a**

10 **finding that further leave to amend would be futile and this action will be dismissed.**

11       3.      Plaintiff is advised that an amended complaint supersedes the original complaint.

12 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

13 in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

14 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

15 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

16       4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

17 court informed of any change of address by filing a separate paper with the clerk headed "Notice

18 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

19 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

20 of Civil Procedure 41(b).

21       IT IS SO ORDERED.

22 DATED: _____

23                                             RONALD M. WHYTE
                                                United States District Judge

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIE MORRIS CLAY, II,

          Plaintiff,

  v.

COUNTY OF CONTRA COSTA, et al,

          Defendant.

_____/

Case Number: CV14-02569 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie Morris Clay AR3562
Pelican Bay S.P., A7-117
P.O. Box 7500
Crescent City, CA 95531

Dated: October 1, 2014

                    Richard W. Wieking, Clerk
                    By: Jackie Lynn Garcia, Deputy Clerk