UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MORRIS CLAY, II,<br><br>    Plaintiff,<br><br>    v.<br><br>D. CREWS,<br><br>    Defendant. | Case No. 14-cv-02569 RMW (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 26, 31 |

Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights action under 42 U.S.C. § 1983. Defendant has filed a motion for summary judgment. Although given the opportunity, plaintiff has not filed an opposition. For the reasons stated below, defendant's motion for summary judgment is GRANTED.

**BACKGROUND**

The following facts are taken in the light most favorable to plaintiff.

On May 3, 2011, plaintiff was incarcerated at Martinez Detention Facility in Contra Costa

County. (Am. Compl. at 1.) On or around May 3, 2011, plaintiff was litigating a criminal case. (Id.) As an inmate representing himself in a criminal trial, plaintiff was permitted to have "pro per privileges." (Bianucci Decl., Ex. C.) Part of these privileges includes being able to designate an individual to be his "legal runner," who would provide legal assistance to the inmate by obtaining and delivering legal materials, and a "court authorized investigator." (Id., Ex. C at 3-5.) Plaintiff designated Kesha Jones, with a residence in Antioch, California, as his legal runner. (Id. ¶ 7 and Ex. G; Crews Decl. ¶ 5.) Plaintiff designated Fred Waters as his private investigator. (Bianucci Decl. ¶ 7, Ex. G.)

Defendant Officer Aide D. Crews signed for a package addressed to plaintiff from "Lisa Moret," and marked with "legal mail" or "legal documents" in a felt-tip marker. (Am. Compl. at 2; Crews Decl. ¶ 5.) Defendant noted that the package originated from a private post office box in Fairfield, California. (Crews Decl. ¶ 5.) Defendant checked the Jail Management System and recognized that plaintiff previously and consistently indicated "Lisa Moret" as a friend, with the same Fairfield address as listed on the package. (Id.; Bianucci Decl., Ex. D.) Plaintiff's designated "legal runner" was not "Lisa Moret," and there was no indication on the package that it originated from an attorney or law office. (Crews Decl. ¶ 5.) Defendant discussed her concerns that the package was not privileged or legal mail with Deputy Wayne Engelstad, who agreed that the package did not appear to be privileged or legal mail. (Id. ¶ 6.) Defendant then opened the package for inspection, and discovered contraband. (Id. ¶ 8.) Defendant informed plaintiff that the package was received, but its contents were in violation of mail policy and placed on a shelf assignment for storage. (Am. Compl. at 7.)

Plaintiff states that Lisa Moret was one of three people who was assisting in plaintiff's litigation by typing motions, making phone calls, and conducting legal research for plaintiff. (Am. Compl. at 2.) Plaintiff's amended complaint alleges that defendant violated plaintiff's First

Case No. 14-cv-02569 RMW (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

2

Amendment right to receive mail because plaintiff's mail from Lisa Moret should not have been opened or inspected outside of plaintiff's presence.

**ANALYSIS**

I.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts, and "factual disputes that are irrelevant or unnecessary will not be counted." Liberty Lobby, Inc., 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The

nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).

II.   Legal Claim

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974). Cf. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail"). The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow, 52 F.3d at 265-66 (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail). But the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition

Case No. 14-cv-02569 RMW (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

4

the government. See O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408 U.S. 1, 11 (1972)).

Defendant argues that mail from Lisa Moret, even though marked as "legal mail," was not legal mail as defined by law. In order to be classified as "confidential mail" or "legal mail," the California Code of Regulations provides:

> Incoming letters must show the name, title, return address and the office of persons listed in Section 3141 on the outside of the envelope to be processed as confidential correspondence. An attorney's return address must match the address listed with the State Bar. A notice or request for confidentiality is not required on the envelope. Correspondence that is appropriately addressed with a return address that indicates it may be confidential shall be processed and treated as confidential correspondence whether or not it is stamped as such.

Cal. Code. Regs. tit. 15, § 3143.

The Custody Service Bureau's Policy and Procedure Manual defines "privileged correspondence" as "[m]ail between an inmate and attorneys, legal aid services, and other agencies providing legal services to inmates, or paraprofessionals having a bona-fide association with such agencies," and other entities not relevant here. (Bianucci Decl. Ex. B, at Part II, subd. A.) Moreover, "legal mail" is defined as "[c]onfidential correspondence between inmates and local, state and federal courts, any member of the State Bar or holder of public office and/or the State Board of Corrections," and states that "legal mail" will be handled in accordance with the California Code of Regulations. (Id., Ex. C, at Part II, subd. C.)

Federal law has not been clear on what constitutes legal or confidential mail such that prison officials cannot open them for inspection outside of the inmate's presence. Pursuant to Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974), states may require that mail sent to prisoners be labeled with the name of the attorney-sender in order to be considered confidential legal mail. 418 U.S. at 576-77. According to section 3141(d) of Title 15 of the California Code of Regulations, incoming confidential legal mail must contain both the name and title of the sender-

Case No. 14-cv-02569 RMW (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5

attorney. Cal. Code Regs. tit. 15, § 3141(d).

In contrast here, the package from Lisa Moret did not contain the name or title of any attorneys. Neither California regulations nor federal case law include Lisa Moret's package to plaintiff within the definition of "legal mail": it was not addressed to or from an attorney, court, or court official. Although defendant agrees that she opened the package in question outside of plaintiff's presence, the package from Lisa Moret did not constitute confidential legal mail for First Amendment purposes. See Wolff, 418 U.S. at 576-77.

Even assuming, however, that the package from Lisa Moret was "legal mail," an isolated incident of mail censorship or interference due to prison officials' "honest error" does not justify relief under section 1983. See Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975); see, e.g., Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) (recognizing that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (isolated, single instance of opening incoming confidential legal mail does not support a constitutional claim); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening inmate legal mail "without evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access the courts, does not give rise to a constitutional violation").

Therefore, inspection of plaintiff's package from Lisa Moret, outside of plaintiff's presence, did not violate his First Amendment rights.

Alternatively, defendant is entitled to summary judgment based on qualified immunity. The defense of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine whether an official is entitled to qualified immunity, the court must decide whether the facts alleged show the official's conduct violated a constitutional right; and, if so, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Saucier v. Katz, 533 U.S. 194, 201-02 (2001); see also Pearson v. Callahan, 555 U.S. 223 (2009)

Case No. 14-cv-02569 RMW (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

6

United States District Court
Northern District of California

(overruling *Saucier*'s requirement that qualified immunity analysis proceed in a particular sequence).").[If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

Here, even assuming that the package opened by defendants could have been classified as 'legal mail' or 'confidential mail' with the law as not so clearly established that it would have been clear to a reasonable officer that defendants' conduct in opening the mail outside of plaintiff's presence was unlawful. *See Powell v. Gibbons*, No. 10-17498, 2011 WL 4792926, at *1 (9th Cir. Oct. 11, 2011)(unpublished memorandum disposition)(affirming dismissal of claim of official opened legal mail outside plaintiff's presence based on qualified immunity); *Prater v. Hill*, No. 08-57746, 2010 WL 3543786, at *1 (9th Cir. Nov. 2, 2010)(unpublished memorandum disposition)("Defendants were entitled to summary judgment based on qualified immunity because the law concerning the opening of prisoner's legal mail outside plaintiff's presence was not clearly established at the time the alleged violations occurred"); *Sherman v. McDougal*, 656 F.2d 527, 528 (9th Cir. 1981)(reserving issue of whether there is a constitutional violation where a prison official opens a prisoner's legal mail outside the prisoner's presence).

Finally, even if defendant violated plaintiff's constitutional right, the evidence is undisputed that defendant noticed that: (1) the package was sent from "plaintiff's friend," Luis Moret, who was not designated as plaintiff's legal runner or legal research; and (2) Luis Moret's return address was a private address with no indication that it originated from a law firm or attorney's office. Based on this knowledge, it would not have been clear to an officer in defendant's position that averr concluding the package was not "legal" inspecting the package outside of plaintiff's presence was unlawful.

Accordingly, defendant's motion for summary judgment is GRANTED on the merits and on qualified immunity.

---

[1] Defendants' administrative motion to file documents under seal is GRANTED. *See* No.14-cv-2569; RMW (PR)

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**IT IS SO ORDERED.**

DATED: <u>July 5, 2016</u>



RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

Case No. 14-cv-02569 RMW (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

8